IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS



FILED

OCT 31 2014

Clerk
By:___

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WEIQIANG ZHANG and<br>WENGUI YAN,<br><br>Defendants. | Case No. 13-20134-CM/JPO |

## STIPULATED PROTECTIVE ORDER

Pursuant to Title 18, United States Code, Section 1835, and Federal Rule of Criminal Procedure 16(d), it is hereby stipulated and agreed by the United States ("the government") and defendants WEIQIANG ZHANG and WENGUI YAN (collectively, "the defendants"), by and through their counsels of record (collectively, "defense counsel"), and ordered by the Court:

1. The government shall provide defense counsel with information subject to disclosure under Federal Rule of Criminal Procedure 16(a)(1), including any alleged trade secrets and confidential and proprietary information contained therein (collectively, "discovery materials").

2. Defense counsel and their office staff, including paralegals, legal assistants, investigators, and secretaries (collectively "the defense teams") shall maintain discovery materials, including any copies thereof, as follows:

    a. The defense teams shall use discovery materials solely and exclusively in connection with this case (including investigation, trial preparation, trial, and appeal), and not for any commercial or other purpose.

b.     A copy of this stipulation and order (hereinafter, the "Stipulated Protective Order") shall be kept with discovery materials at all times.

c.     The only persons who may view discovery materials are the defense teams, the defendants, and interpreters. (At this time, the discovery materials may not be shown to or viewed by expert witnesses or potential expert witnesses.) If defense counsel wishes to show any document provided during discovery to a witness or potential witnesses, who would not be an expert witness, they must first ask the Government to agree to permit the distribution of the document(s) or material to the witness or potential witness as an exception to this protective order. If the Government declines to agree to the distribution of a document or material to a witness or potential witness, the defendants may seek relief from these provisions as to a particular item of discovery by making a motion for such relief to the Court upon notice to the Government, which notice must identify the particular person(s) and item(s) at issue. The motion shall be made under seal. The defendants may view discovery materials solely in the presence of the defense teams, or in the defense teams' offices on a "locked computer" without any Internet access or the ability to transfer the discovery materials to removable media such as compact discs, digital video discs, thumb drives, hard drives, etc. Any notes the defendants make from discovery materials must remain with the defense teams and must be stored with discovery materials. Similarly, the defendants may view their notes only in the presence of the defense teams, or in the defense teams' offices.

      d.     No person, other than the undersigned parties to this stipulation, shall have access to discovery materials until certifying that he or she has read, understands, and agrees to the terms of the Stipulated Protective Order and has manifested such assent to be bound thereby, and to be subject to the jurisdiction of the Court for the purpose of proceedings relating to the performance under, compliance with, or violation of the Stipulated Protective Order, by signing a copy of the attached "Acknowledgment of Stipulated Protective Order in *United States v. Zhang & Yan*, 13-20134-CM/JPO" (the "Acknowledgement").[1] The defense teams shall provide the government with copies of all signed Acknowledgments and also keep copies of the signed Acknowledgements with discovery materials.

      e.     Any filings with the Court by defense counsel or the government disclosing or describing any discovery materials shall be under seal and remain under seal until and unless this Court orders otherwise. Should the defense teams or defendants need to disclose or describe any discovery materials to any other court or during any other legal proceedings, they shall do so only with notice to the government and after gaining permission from this Court.

3.     The defense teams may not describe or provide copies of discovery materials to any potential or retained expert or consultant, whether testifying or non-testifying, until the parties reach a subsequent Stipulated Protective Order or seek an Order from the Court following litigation on this specific issue.

---

[1] Once a person has executed an Acknowledgment, it shall not be necessary for that person to sign a separate Acknowledgment each time that person is subsequently given access to discovery materials.

4. The defense teams shall maintain a current list of all persons who have or had access to discovery materials.

5. Defense counsel and the government shall promptly notify the other parties and this Court if they learn that any discovery materials have been disclosed to anyone not authorized under the Stipulated Protective Order or further order of the Court, either intentionally or unintentionally.

6. Upon conclusion of trial and any appeals in this case or upon the earlier resolution of charges against the defendants; the defense teams and defendants shall return discovery materials and any copies thereof to the government, certifying such to the Court and the government. The obligations imposed by this Stipulated Protective Order survive the final resolution of this case, and the Court shall retain jurisdiction after such final determination for the limited purpose of enforcing the provisions of this Stipulated Protective Order, until and unless the Court decides otherwise.

7. Nothing in this Stipulated Protective Order shall be construed as an admission by the defendants that any discovery materials are proprietary to Ventria Bioscience or a "trade secret" as defined in Title 18, United States Code, Section 1839(3).

8. This Stipulated Protective Order may be amended at any time by agreement of all of the parties and with the Court's approval. Any amendment must be in writing and expressly state that it is an amendment to this Stipulated Protective Order and be signed by all parties to be valid. If the parties are unable to reach an agreement to modify this Stipulated Protective Order, then any party may file a motion to seek such relief.

It is so stipulated and agreed by the undersigned parties:

_____
SCOTT C. RASK, #15643
Assistant United States Attorney


_____
DAVID C. SMITH, #18316
Assistant United States Attorney


_____
EVAN C. WILLIAMS, #18708
Senior Counsel, Criminal Division
United States Department of Justice


_____
THOMAS W. BARTEE
Attorney for WEIQUIANG ZHANG


_____
MICHAEL D. HEPPERLY
Attorney for WENGUI YAN


DATED:    October 31, 2014



SO ORDERED, this 31 day of October, 2014.

_____
HONORABLE CARLOS MURGUIA
United States District Court Judge

## ACKNOWLEDGMENT OF STIPULATED PROTECTED ORDER
## IN <u>UNITED STATES v. ZHANG & YAN</u>, 13-20134-CM/JPO

The undersigned hereby acknowledges that he/she has received a copy of the Stipulated Protective Order issued in <u>UNITED STATES v. ZHANG & YAN</u>, 13-20134-CM/JPO, dated <u>October      , 2014</u>, has read, understands, and agrees to the terms of the Stipulated Protective Order, and hereby submits to the jurisdiction of the United States District Court for the District of Kansas for the purposes of enforcement of the terms of the Stipulated Protective Order and the punishment of any violations thereof.

DATED: _____, 2014

_____
Signature

_____
Street Address

_____
City, State, and Zip Code

_____
Area Code and Telephone Number

_____
E-mail Address