# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | Case No. 13-20134-CM/JPO |
| **WEIQIANG ZHANG and WENGUI YAN,** | |
| **Defendants.** | |

## SUPPLEMENT TO THE STIPULATED PROTECTIVE ORDER

Pursuant to Title 18, United States Code, Section 1835, and Federal Rule of Criminal Procedure 16(d), it is stipulated and agreed by the United States ("the government") and defendants WEIQIANG ZHANG and WENGUI YAN (collectively, "the defendants"), by and through their counsels of record (collectively, "defense counsel"), and ordered by the Court:

1. The provisions contained in this Supplement ("SUPPLEMENT") to the Stipulated Protective Order (doc. 44) entered in this matter on October 14, 2014 (the "10/31/14 SPO") shall apply in addition to the provisions contained in the 10/31/14 SPO, which shall remain in full force and effect, with the exception of certain provisions relating to the retention of experts and consultants, as more fully set forth below.  Both the SUPPLEMENT and the 10/31/14 SPO shall apply to all information subject to disclosure by the government under Federal Rule of Criminal Procedure 16(a)(1), including any alleged trade secrets and confidential and proprietary information contained therein (collectively, the "discovery materials").

2. Specifically, this SUPPLEMENT sets out the procedures for disclosure of the discovery materials to retained experts and consultants, which was prohibited under the 10/31/14

SPO. Upon entry of this SUPPLEMENT by the Court, the provisions prohibiting such disclosure, contained in ¶¶ 2c and 3 of the 10/31/14 SPO, shall be void and fully superseded by the provisions contained in this SUPPLEMENT.

3. The defense teams (as that term is defined in ¶ 2 of the 10/31/14 SPO) may describe or provide copies of the discovery materials to any expert or consultant they retain, whether testifying or non-testifying, but only if:

a. The defense teams disclose the expert's or consultant's identity to Ventria Bioscience ("Ventria"). Notice shall be sent to Ventria, care of Greg E. Goldberg, Esq., of Holland & Hart, LLP. If Ventria objects to the retention of the proposed expert or consultant, then Ventria will notify both the government and the defense teams within 14 days of the disclosure to Ventria. The government will file any objections with the Court within 7 days of Ventria's notification to the government and the defense teams. The defense teams shall not disclose the discovery materials to the identified expert or consultant until this Court rules on the objections and any response from the defense teams. The government shall bear the burden of persuasion.

b. The government, upon receiving notice from Ventria of the expert's or consultant's identity, shall not seek to contact the defense expert or consultant and will only conduct such investigation related to that expert or consultant's identity as is necessary to determine whether the expert or consultant has a conflict of interest with Ventria that would preclude the expert or consultant from receiving the discovery materials under the terms of this SUPPLEMENT.

c. The disclosure by the defense teams to Ventria or the government of a

potential or retained expert or consultant is in connection with Title 18, United States Code, Section 1835, so under Federal Rule of Evidence 502(d), such disclosure shall not operate as any manner of waiver of attorney-client privilege or attorney work product by the defendant.

      d.      The government shall not seek to obtain any further information about the expert or consultant, or from the expert or consultant other than that which is set forth in subsection 3b *supra* or provided for by Rule 16 of the Federal Rules of Criminal Procedure.

      e.      The defense teams may not employ an expert or consultant who works as a consultant, employee, officer, owner, or agent of a competitor to Ventria. Moreover, any expert or consultant retained by the defense teams shall not work as a consultant, employee, officer, owner, or agent of a competitor to Ventria for two years following the cessation of this prosecution at the trial court level. These restrictions may be modified only for good cause shown on motion to this Court.

      f.      No expert or consultant shall have access to the discovery materials until certifying that he or she has read, understands, and agrees to the terms of this SUPPLEMENT and the 10/31/14 SPO and has manifested such assent to be bound thereby, and to be subject to the jurisdiction of the Court for the purpose of proceedings relating to the performance under, compliance with, or violation of this SUPPLEMENT and the 10/31/14 SPO, by signing a copy of the attached "Acknowledgment of Stipulated Protective Order and Supplement in *United States v. Zhang & Yan*, 13-20134-CM/JPO" (the "Acknowledgement").[1] The defense teams shall provide the copies of signed Acknowledgements by experts or consultants to the Court under seal and also keep copies

---

[1] Once a person has executed an Acknowledgment, it shall not be necessary for that person to sign a separate Acknowledgment each time that person is subsequently given access to discovery materials.

of the signed Acknowledgements with discovery materials.

g. The procedures outlined above shall govern the expert's or consultant's use, maintenance, disclosure, and safekeeping of the discovery materials, except that the expert or consultant may maintain the discovery materials at their offices, but only under the same secure conditions set out for the defense teams in ¶ 2a of the 10/31/14 SPO.

It is so stipulated and agreed by the undersigned parties:

*SCOTT RASK* (Digitally signed by SCOTT RASK, Date: 2016.05.24 15:25:04 -05'00')
_____
SCOTT C. RASK, #15643
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas   66101
(913) 551-6730
(913) 551-6541 (fax)
Scott.Rask@usdoj.gov


(Digitally signed by DAVID SMITH, Date: 2016.05.26 14:14:25 -05'00')
_____
DAVID C. SMITH, #18316
Assistant United States Attorney

*BRIAN RESLER* (Digitally signed by BRIAN RESLER, Date: 2016.06.06 15:19:54 -04'00')
_____
BRIAN J. RESLER, Wisconsin Bar #1023837
Senior Counsel, Criminal Division
United States Department of Justice

MATTHEW WALCZEWSKI (Digitally signed by MATTHEW WALCZEWSKI, Date: 2016.06.06 13:58:33 -04'00')
_____
MATTHEW R. WALCZEWSKI, Illinois Bar #6297873
Trial Attorney, National Security Division
United States Department of Justice

_____
THOMAS W. BARTEE, #15133
Attorney for Weiqiang Zhang

_____
MICHAEL D. HEPPERLY, #09542
Attorney for Wengui Yan

_____
WILLIAM R. ROBB, Missouri #43322
Attorney for Wengui Yan

SO ORDERED, THIS 14th day of June, 2016.

s/ Carlos Murguia
_____
HONORABLE CARLOS MURGUIA
United States District Court Judge

5

# ACKNOWLEDGMENT AND AGREEMENT
# TO BE BOUND TO THE STIPULATED PROTECTIVE ORDER (DOC. 44)
# AND SUPPLEMENT

I, _____, the undersigned, acknowledge and declare that I have received a copy of the Stipulated Protective Order entered in the above-captioned matter on October 31, 2014, and the Supplement entered ~~May~~ June \_\_\_\_, 2016, which governs the restricted use of documents and other information, has read, understands, and agrees to the terms herein, and hereby submits to the jurisdiction of the United States District Court for the District of Kansas for the purposes of enforcement of the terms of the Stipulated Protective Order and Supplement and the punishment of any violations thereof.

Name of individual: _____

Present occupation/job description: _____

Name of Company or Firm: _____

Address: _____

Date: _____   Signature:_____