# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
### (Kansas City Docket)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 13-20134-01/02-CM/JPO |
| WEIQIANG ZHANG and WENGUI YAN, | |
| Defendants. | |

## SUPERSEDING INDICTMENT

The Grand Jury charges:

**Introduction**

At all times relevant to this Superseding Indictment:

1.      Ventria Bioscience (Ventria) was a privately held biopharmaceutical corporation whose business focused on enabling global access to life-saving recombinant medicines and other biotechnology products through its innovative, cost-effective technology platform.  In addition to its proprietary processes and trade secrets, Ventria had an extensive intellectual property portfolio of more than 100 issued and pending patents, and exclusive licenses to issued patents.  These patents provided long-term sustainable advantage to Ventria's manufacturing technology and product portfolio.  Ventria had a production facility in Junction City, Kansas, with its headquarters in Colorado.  Ventria sold and shipped, and intended to sell and ship, recombinant proteins developed and processed through particular rice seeds, in interstate and foreign commerce.

2.      From on or about August 18, 2008, through on or about December 11, 2013, the defendant, Weiqiang Zhang, was employed as a rice breeder at Ventria in Kansas.  Among other

things, defendant Zhang was responsible for managing Ventria's plant breeding and nursery operations, all for the purpose of increasing protein yields and adapting plant varieties to local production areas.  In or about 1992, defendant Zhang received a master's degree in agriculture from Shengyang Agricultural University in China, and then he worked for several years at a crops research institute in the development and production of rice.  In or about 2000, he began research at Kansas State University in the application of biotechnology in crop production, followed by pursuit of a doctoral degree at Louisiana State University in rice genetics and breeding, which was awarded in or about 2005.

3.      From on or about December 8, 1996, through on or about December 11, 2013, the defendant, Wengui Yan, was employed as a research geneticist with the United States Department of Agriculture at the Dale Bumpers National Rice Research Center in Stuttgart, Arkansas.  Among other things, defendant Yan was responsible for research, development, and collection of rice cultivars and germplasms from all over the world.  Defendant Yan immigrated to the United States from the People's Republic of China as a visiting scientist in or about 1987, and worked at the University of California, Davis.  He received his masters and undergraduate degrees from Sichuan Agricultural University in China.  From 1989-1992, he worked as a research assistant at the University of Arkansas in Fayetteville, where he received a PhD in Plant Genetics and Breeding in 1992, and remained there as a research associate until 1996.

4.      Individuals associated with a crops research institute in the People's Republic of China invited defendants Zhang and Yan to their facility in China, where defendants Zhang and Yan provided assistance from their agricultural expertise in August 2012.  Then, defendants Zhang and Yan invited those individuals from the crops research institute to the United States and arranged for those individuals to have contact with a number of agriculture experts in July and August 2013.

5.      Ventria developed and produced particular rice seeds designed to express proteins used in the medical and pharmaceutical fields.  Ventria was the only producer of these particular rice seeds in the United States.  One of these agricultural seeds made a recombinant protein, Human Serum Albumin, being developed for use as a therapeutic excipient, an ingredient that was intentionally added to a drug for purposes other than the therapeutic or diagnostic effect of the intended dosage.  The other rice seed made a different recombinant protein, Human Lactoferrin, being developed to treat or prevent gastrointestinal disease, antibiotic associated diarrhea, hepatic disease, osteoporosis, and inflammatory bowel disease.

6.      Ventria's methods of developing, propagating, growing, cultivating, harvesting, cleaning, and storing these particular rice seeds for cost-effectively producing recombinant proteins from such seeds were protected by Ventria as confidential and proprietary information. Ventria considered this information a trade secret (hereinafter referred to as the Trade Secret Information), which was used in products sold and distributed in interstate or foreign commerce.

7.      Ventria used a number of reasonable measures to protect the Trade Secret Information and its other confidential proprietary information, including the following:

a.      Ventria restricted access to the temperature-controlled environment in Kansas where the unique rice seeds were stored and processed behind locked doors with magnetic card readers, and only certain employees were granted access.

b.      Ventria limited access to the Trade Secret Information to those who needed it to perform their employment duties.

c.      Ventria prohibited distribution of the rice seeds to other companies or for research.

d.      As a condition of their employment, Ventria employees executed non-disclosure and assignment agreements, which specifically referenced Ventria's confidential and proprietary information.

e.      Ventria implemented data security policies stipulating that all information created, sent, received, or stored on Ventria's electronic resources was company property and that all activity on Ventria's electronic resources was subject to monitoring. Furthermore, these policies prohibited employees from transmitting, receiving, or storing company information outside Ventria's electronic resources.

## COUNT 1

8.      The allegations set forth in paragraphs 1-7 are incorporated herein as if set forth in full.

9.      Beginning on or about October 17, 2010, the exact date being unknown, and continuing to on or about December 11, 2013, both dates being approximate and inclusive, in the District of Kansas and elsewhere, the defendants,

**WEIQIANG ZHANG**
and
**WENGUI YAN**,

knowingly conspired and agreed together, with each other, and with other persons, known and unknown to the grand jury, to commit the following offenses:

a.      With intent to convert a trade secret, that was related to and included in a product that was produced for and placed in interstate and foreign commerce, to the economic benefit of someone other than Ventria Bioscience, and intending and knowing that the offense would injure Ventria Bioscience, the defendants knowingly stole, and

4

without authorization appropriated, took, carried away, and concealed such information, in violation of Title 18, United States Code, Section 1832(a)(1);

b.       With intent to convert a trade secret, that was related to and included in a product that was produced for and placed in interstate and foreign commerce, to the economic benefit of someone other than Ventria Bioscience, and intending and knowing that the offense would injure Ventria Bioscience, the defendants knowingly and without authorization transmitted, delivered, sent, mailed, communicated, and conveyed such information, in violation of Title 18, United States Code, Section 1832(a)(2); and

c.       With intent to convert a trade secret, that was related to and included in a product that was produced for and placed in interstate and foreign commerce, to the economic benefit of someone other than Ventria Bioscience, and intending and knowing that the offense would injure Ventria Bioscience, the defendants knowingly possessed such information, knowing the same to have been stolen and appropriated, obtained, and converted without authorization, in violation of Title 18, United States Code, Section 1832(a)(3);

such trade secret being Ventria Bioscience's methods of developing, propagating, growing, cultivating, harvesting, cleaning, and storing particular rice seeds for cost-effectively producing recombinant proteins from such seeds.

**Manner and Means**

10.       Defendants Zhang and Yan carried out the conspiracy and effected its unlawful objects, that is, the theft, transmittal, delivery, communicating, and possession of Trade Secret Information owned by Ventria, through the following manner and means, among others.

5

a.      It was part of the conspiracy that defendants Zhang and Yan planned to provide Ventria's Trade Secret Information to individuals with a specific crops research institute in China.

b.      It was further part of the conspiracy that defendants Zhang and Yan traveled to the crops research institute in China to gauge how their agricultural knowledge and expertise would assist and further the efforts at the crops research institute.

c.      It was further part of the conspiracy that defendants Zhang and Yan made travel arrangements to the United States for individuals from the crops research institute in China so the defendants could specifically pass along Ventria's Trade Secret Information and Ventria's unique rice seeds with recombinant proteins.

**Overt Acts**

11.    In furtherance of the conspiracy and to achieve the objects and purposes thereof, the defendants, Weiqiang Zhang and Wengui Yan, committed and caused to be committed the following overt acts, among others, in the District of Kansas and elsewhere.

a.      On or about October 17, 2010, defendant Zhang drafted a letter to an agricultural university in China with a crops research institute expressing his desire to use his knowledge and expertise of developing recombinant proteins in particular rice seeds, which he acquired at Ventria, where he was employed, to the benefit of the crops research institute.

b.      On or about April 2, 2012, defendant Yan responded via e-mail to an invitation to visit a particular crops research institute in China, and communicated that he would coordinate travel plans with defendant Zhang.

c.      On or about June 5, 2012, defendant Zhang told defendant Yan via e-mail that the crops research institute would arrange their travel to China and the visit would include presentations, discussions, and visits to the laboratory and experimental foundation.

d.      On or about June 5, 2012, defendant Yan responded via e-mail to defendant Zhang, and stated that he was preparing a presentation for their visit to the crops research institute in China regarding either mechanized rice production systems or characterizing global rice germplasm for gene mapping.

e.      On or about July 18, 2012, defendant Yan sent an e-mail to defendant Zhang explaining that his plane arrived in China earlier, and they arranged to meet.

f.      In or about August 2012, defendants Zhang and Yan traveled during the same time period to visit the crops research institute in China.

g.      On or about August 25, 2012, defendant Yan sent an e-mail to personnel at the crops research institute expressing thanks for their hospitality and that he was obliged to return the favor.

h.      In or about October 2012, defendant Zhang, without authorization from Ventria, acquired rice with the unique recombinant proteins developed and grown by Ventria in Kansas, and stored them at his residence in Manhattan, Kansas.

i.      In or about November 2012, defendant Yan wrote a report detailing his work accomplishments that would accelerate agricultural science in his homeland—China.

j.      On or about June 6, 2013, defendant Yan, using U.S. Department of Agriculture letterhead, sent invitation letters to personnel at the crops research institute in China.

k.      On or about July 13, 2013, defendants Zhang and Yan received an email communication with a travel itinerary for the personnel from the crops research institute in China.

l.      On or before July 15, 2013, defendants Zhang and Yan booked hotel rooms and made air travel arrangements in the United States for the personnel from the crops research institute in China.

m.     On or about and between July 16 and 17, 2013, defendant Zhang hosted personnel from the crops research institute in China at his home in Kansas.

n.      On or about July 17-18, 2013, defendant Zhang took paid leave from his employer to host and travel with the personnel from the crops research institute in China.

o.      On or about July 18, 2013, defendant Zhang drove the personnel from the crops research institute in China from Kansas to tour other agricultural seed facilities in Missouri.

p.      On or about and between July 16 and August 7, 2013, defendant Zhang enabled the visitors from the crops research institute in China to obtain possession of the unique rice seeds developed by Ventria, without authorization from Ventria.

q.      On or about and between July 21 and 23, 2013, defendant Yan drove personnel from the crops research institute in China to the Dale Bumpers National Rice Research Center in Stuttgart, Arkansas.

r.      From on or about July 21 through 23, 2013, defendant Yan enabled personnel from the crops research institute in China to give an agricultural presentation in Stuttgart, Arkansas.  Before that presentation was made, defendant Yan ensured the personnel from the crops research institute removed references to defendant Yan and his previous visit to their institute in China.

8

s.      On or about August 7, 2013, visitors from the crops research institute hid the unique Ventria rice seeds in their luggage, which were discovered by personnel with U.S. Customs and Border Protection as the visitors were departing the United States for their homeland—China.

t.      From in or about October 2012 until on or about December 11, 2013, defendant Zhang stored hundreds of Ventria's unique rice seeds at his residence in Manhattan, Kansas, without authorization from Ventria.

12.     As additional overt acts, the Grand Jury incorporates by this reference the allegations set forth in Count 2 of the Superseding Indictment as though fully set forth at this point.

13.     This was all in violation of Title 18, United States Code, Section 1832(a)(5).

## COUNT 2

14.     The allegations set forth in paragraphs 1-13 are incorporated herein as if set forth in full.

15.     From in or about October 2012 through on or about December 11, 2013, in the District of Kansas and elsewhere, the defendants,

**WEIQIANG ZHANG**
and
**WENGUI YAN**,

with the intent to convert a trade secret to the economic benefit of someone other than Ventria Bioscience, and intending and knowing that the offense would injure Ventria Bioscience, the defendants knowingly stole, and without authorization appropriated, took, carried away, concealed, and obtained information, specifically methods of developing, propagating, growing, cultivating, harvesting, cleaning, and storing particular rice seeds for cost-effectively producing

recombinant proteins from such seeds, owned by Ventria Bioscience, which was related to and included in a product that was produced for and placed in interstate and foreign commerce.

16.     This was in violation of Title 18, United States Code, Sections 2 and 1832(a)(1).

## COUNT 3

17.     The allegations set forth in paragraphs 1-16 are incorporated herein as if set forth in full.

18.     Beginning on or about October 17, 2010, the exact date being unknown, and continuing to on or about December 11, 2013, both dates being approximate and inclusive, in the District of Kansas and elsewhere, the defendants,

**WEIQIANG ZHANG**
and
**WENGUI YAN**,

knowingly conspired and agreed together, with each other, and with other persons, known and unknown to the grand jury, to commit the following offense, transporting and causing to be transported in interstate commerce items of stolen property with a value greater than $5,000 in violation of Title 18, United States Code, Section 2314.

**Object of the Conspiracy**

19.     It was a part and object of the conspiracy that defendants Zhang and Yan and their coconspirators transported or caused the transportation of particular rice seeds that belonged to Ventria, valued at more than $5,000, for their ultimate transportation outside the United States.

**Manner and Means**

20.     Defendants Zhang and Yan carried out the conspiracy and effected its unlawful objects, that is, the interstate transportation of property stolen from Ventria through the following manner and means, among others.

10

a.      It was part of the conspiracy that defendants Zhang and Yan planned to provide Ventria's particular rice seeds to individuals with a specific crops research institute in China.

b.      It was further part of the conspiracy that defendants Zhang and Yan traveled to the crops research institute in China to gauge how their agricultural knowledge and expertise would assist and further the efforts at the crops research institute.

c.      It was further part of the conspiracy that defendants Zhang and Yan made travel arrangements to the United States for individuals from the crops research institute in China so the defendants could specifically pass along Ventria's unique rice seeds with recombinant proteins.

**Overt Acts**

21.     In furtherance of the conspiracy and to achieve the objects and purposes thereof, the defendants, Weiqiang Zhang and Wengui Yan, committed and caused to be committed the following overt acts, among others, in the District of Kansas and elsewhere.

a.      On or about October 17, 2010, defendant Zhang drafted a letter to an agricultural university in China with a crops research institute expressing his desire to use his knowledge and expertise of developing recombinant proteins in particular rice seeds, which he acquired at Ventria, where he was employed, to the benefit of the crops research institute.

b.      On or about April 2, 2012, defendant Yan responded via e-mail to an invitation to visit a particular crops research institute in China, and communicated that he would coordinate travel plans with defendant Zhang.

c.      On or about June 5, 2012, defendant Zhang told defendant Yan via e-mail that the crops research institute would arrange their travel to China and the visit would include presentations, discussions, and visits to the laboratory and experimental foundation.

d.      On or about June 5, 2012, defendant Yan responded via e-mail to defendant Zhang, and stated that he was preparing a presentation for their visit to the crops research institute in China regarding either mechanized rice production systems or characterizing global rice germplasm for gene mapping.

e.      On or about July 18, 2012, defendant Yan sent an e-mail to defendant Zhang explaining that his plane arrived in China earlier, and they arranged to meet.

f.      In or about August 2012, defendants Zhang and Yan traveled during the same time period to visit the crops research institute in China.

g.      On or about August 25, 2012, defendant Yan sent an e-mail to personnel at the crops research institute expressing thanks for their hospitality and that he was obliged to return the favor.

h.      In or about October 2012, defendant Zhang, without authorization from Ventria, acquired rice with the unique recombinant proteins developed and grown by Ventria in Kansas, and stored them at his residence in Manhattan, Kansas.

i.      In or about November 2012, defendant Yan wrote a report detailing his work accomplishments that would accelerate agricultural science in his homeland— China.

j.      On or about June 6, 2013, defendant Yan, using U.S. Department of Agriculture letterhead, sent invitation letters to personnel at the crops research institute in China.

12

k.      On or about July 13, 2013, defendants Zhang and Yan received an email communication with a travel itinerary for the personnel from the crops research institute in China.

l.      On or before July 15, 2013, defendants Zhang and Yan booked hotel rooms and made air travel arrangements in the United States for the personnel from the crops research institute in China.

m.      On or about and between July 16 and 17, 2013, defendant Zhang hosted personnel from the crops research institute in China at his home in Kansas.

n.      On or about July 17-18, 2013, defendant Zhang took paid leave from his employer to host and travel with the personnel from the crops research institute in China.

o.      On or about July 18, 2013, defendant Zhang drove the personnel from the crops research institute in China from Kansas to tour other agricultural seed facilities in Missouri.

p.      On or about and between July 16 and August 7, 2013, defendant Zhang enabled the visitors from the crops research institute in China to obtain possession of the unique rice seeds developed by Ventria, without authorization from Ventria.

q.      On or about and between July 21 and 23, 2013, defendant Yan drove personnel from the crops research institute in China to the Dale Bumpers National Rice Research Center in Stuttgart, Arkansas.

r.      From on or about July 21 through 23, 2013, defendant Yan enabled personnel from the crops research institute in China to give an agricultural presentation in Stuttgart, Arkansas.  Before the presentation was made, defendant Yan ensured the personnel from the crops research institute removed references to defendant Yan and his previous visit to their institute in China.

13

s.    On or about August 7, 2013, visitors from the crops research institute hid the unique Ventria rice seeds in their luggage, which were discovered by personnel with U.S. Customs and Border Protection as the visitors were departing the United States for their homeland—China.

t.    From in or about October 2012 until on or about December 11, 2013, defendant Zhang stored hundreds of Ventria's unique rice seeds at his residence in Manhattan, Kansas, without authorization from Ventria.

22.    As additional overt acts, the Grand Jury incorporates by this reference the allegations set forth in Count 4 of the Superseding Indictment as though fully set forth at this point.

23.    This was all in violation of Title 18, United States Code, Section 371.

## COUNT 4

24.    The allegations set forth in paragraphs 1-23 are incorporated herein as if set forth in full.

25.    From on or about July 16, 2013, through on or about August 7, 2013, in the District of Kansas and elsewhere, the defendants,

**WEIQIANG ZHANG**
and
**WENGUI YAN**,

aided and abetted the transportation in interstate commerce from Kansas, through multiple states, to the State of Hawaii, stolen Ventria Bioscience rice seed with unique recombinant proteins valued at more than $5,000, knowing the seeds to have been stolen.

26.    This was in violation of Title 18, United States Code, Sections 2 and 2314.

A TRUE BILL.

14

Dated:  September 8, 2016                     s/Foreperson_____
                                             FOREPERSON


s/ Scott C. Rask, #15643 for_____
THOMAS E. BEALL
Acting United States Attorney
District of Kansas
500 State Ave., Suite 360
Kansas City, KS 66101
(913) 551-6730
(913) 551-6541 (fax)
tom.beall@usdoj.gov
Ks. S. Ct. No. 19929

(It is requested that trial of the above captioned case be held in Kansas City, Kansas.)

**PENALTIES:**

Ct. 1:   18 U.S.C. § 1832(a)(5)
        Conspiracy to Steal Trade Secrets

- NMT 10 years imprisonment
- NMT $250,000 fine
- NMT 3 years supervised release
- $100 special assessment

Ct. 2:   18 U.S.C. §§ 2 and 1832(a)(1)
        Theft of Trade Secrets

- NMT 10 years imprisonment
- NMT $250,000 fine
- NMT 3 years supervised release
- $100 special assessment

Ct. 3:   18 U.S.C. § 371
        Conspiracy to Commit Interstate Transportation of Stolen Property

- NMT 5 years imprisonment
- NMT $250,000 fine
- NMT 3 years supervised release
- $100 special assessment

Ct. 4:   18 U.S.C. §§ 2 and 2314
        Interstate Transportation of Stolen Property

- NMT 10 years imprisonment
- NMT $250,000 fine
- NMT 3 years supervised release
- $100 special assessment