IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED IN OPEN COURT
10-24-16
TIMOTHY M. O'BRIEN, CLERK
BY _Sarah Speed_
DEPUTY CLERK

UNITED STATES OF AMERICA,

Plaintiff,

v.

WENGUI YAN,

Defendant.

Case No. 13-20134-02-CM

## PLEA AGREEMENT PURSUANT TO FEDERAL RULE
## OF CRIMINAL PROCEDURE 11(c)(1)(C)

The United States of America, by and through Assistant United States Attorney Scott C. Rask, Trial Attorney Matthew R. Walczewski, Senior Trial Attorney Brian J. Resler, Wengui Yan, the defendant, personally and with his counsel, Michael D. Hepperly and William R. Robb, enter into the following plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

1.    **Defendant's Guilty Plea.**  The defendant agrees to plead guilty to Count 1 of the Information charging a violation of 18 U.S.C. § 1001(a)(2), that is, False Statements to an Agency of the United States.  By entering into this plea agreement, the defendant admits to knowingly committing the offense, and to being guilty of the offense.  The defendant agrees to withdraw his pretrial motions before October 21, 2016, and agrees to plead guilty by October 24, 2016.  The defendant further agrees to waive venue for prosecution of this offense in the Eastern District of Arkansas.  The defendant understands that the maximum sentence which may be imposed as to Count 1 of the information to which he has agreed to plead guilty is not more than five years of imprisonment, a $250,000 fine, not more than three years of supervised release, and a $100 mandatory special assessment.

2.      **Factual Basis for the Guilty Plea.**  The parties agree the facts constituting the

offense to which the defendant is pleading guilty are as follows:

By April 2012, Wengui Yan, the defendant responded to an email invitation to
visit a particular crop research institute in China.  That trip corresponded to a similar visit
by codefendant Weiqiang Zhang.  The defendant agreed to provide a presentation at the
institute during this visit, and he did so during this August 2012 trip.  After the trip, the
defendant sent an email to the institute personnel thanking them for their hospitality and
offering to return the favor.

In June 2013, the defendant invited personnel from this particular crops research
institute in China to visit the United States.  During July and August 2013, this delegation
from China traveled to the United States and visited a number of agricultural institutions
and businesses.  The delegation traveled to Arkansas in late July 2013, and spent time
with the defendant, who arranged for them to tour the Dale Bumpers National Rice
Research Center and give a lecture.  The defendant provided interpretation of the
delegation's lecture for his U.S. Department of Agriculture colleagues.  Before the
presentation, the defendant reviewed the delegation's PowerPoint slides and had them
remove a picture of him and all references of his visit to their institute the year before.

Both before the delegation arrived in the United States and while they were
traveling in the United States, codefendant Zhang had conversations with the defendant
about Clearfield seeds.  On one occasion, the codefendant requested Clearfield seeds
from the defendant.  The defendant advised the codefendant that Clearfield rice seeds
were protected and he would need to obtain them from Louisiana State University.  On
another occasion, codefendant Zhang told the defendant about the efforts of certain
individuals from the crop research institute seeking to obtain Clearfield seeds, including
that the director was upset that one of his scientists failed to steal or bring back any
Clearfield seeds with him after working at Louisiana State University for six months.

While the delegation was in Stuttgart, Arkansas, the defendant traveled with the
delegation to a rice farm in the area.  The defendant knew that Clearfield rice was grown
at that rice farm and that by taking the delegation to the farm, it would give the delegation
an opportunity to try to obtain Clearfield and other varieties of rice seeds.

In August 2013, as the delegation departed from the United States for China, they
were found to be in possession of several varieties of rice seeds, including those from the
rice seed farm in Arkansas.  When shown photographs of the variety of seeds found in
the possession of the delegation, the defendant knew the delegation had stolen the seeds
from the rice farm and intended to take them overseas.  The defendant denied knowing
the delegation took any seeds from the rice farm near Stuttgart, Arkansas.  The defendant
failed to report to the FBI agents that the delegation intended to steal Clearfield rice seeds
from the rice farm and that they did in fact steal rice seeds.

3.       **Proposed Rule 11(c)(1)(C) Sentence.**  The parties propose, as an appropriate disposition of the case:

(a)       A two-level reduction in offense level pursuant to U.S.S.G. § 3E1.1(a);

(b)       A sentencing range from the defendant's request of one year of probation to the government request for the low end of the applicable guidelines range, but in no event more than twenty months imprisonment;

(c)       If a term of imprisonment is imposed, then no more than one year of supervised release;

(d)       No fine;

(e)       The mandatory special assessment of $100; and

(f)       That there was no actual loss, and that no restitution is appropriate in this matter. The parties seek this binding plea agreement as an appropriate disposition of the case, because if the Court permits itself to be bound by the proposed sentence, it brings certainty to the sentencing process; it assures that the defendant and the government will benefit from the bargain they have struck; it serves the interests of justice; and it assures a sentence consistent with the sentencing factors of 18 U.S.C. § 3553(a).  If the Court does not agree with the sentence, the defendant and United States may be restored to the positions they maintained prior to reaching this plea Agreement.  This plea agreement centers on the defendant's agreement to enter his guilty plea as soon as the Court's schedule permits, but no later than October 24, 2016, thereby preserving valuable Court, prosecution, defense, United States Probation Office, United States Marshals' Service and other law enforcement resources.

4.       **Application of the Sentencing Guidelines.**  The parties are of the belief that the proposed sentence does not offend the advisory sentencing guidelines.  Because this proposed sentence is sought pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties are

not requesting imposition of an advisory guideline sentence.  The defendant retains his right to argue for a downward departure or variance.

5. **Government's Agreements.**  In return for the defendant's plea of guilty as set forth herein, the United States agrees to request dismissal of the remaining counts at the time of sentencing, and agrees to not file any additional charges against the defendant arising out of this investigation or the facts forming the basis for the present superseding indictment and information. In addition, should the defendant, in the government's sole discretion, comply with the provisions of paragraph 6, below, the government will recommend a reduced sentence, down to and including an agreement to recommend one year of probation.

6. **Defendant's Agreements**.  The defendant agrees to cooperate fully and truthfully with the United States.  Specifically, the defendant agrees:

(a)    to provide truthful, complete, and accurate information during interviews with the agents and prosecution team; and

(b)    to provide all information concerning the defendant's knowledge of, and participation in the offenses charged in this case and all related conduct.

7. **Whether to Accept the Proposed Plea Agreement and Sentence is Up to the Court.**  The Court has no obligation to accept the proposed plea agreement and sentence.  It is solely within the Court's discretion whether to accept the proposed binding plea agreement as an appropriate disposition of the case.

8. **Withdrawal of Plea Permitted Only if the Court Does Not Accept the Plea Agreement and Proposed Sentence.**  If the Court agrees to be bound by the proposed plea agreement and sentence, the parties shall be bound by all the terms of the proposed plea agreement and the defendant will not be permitted to withdraw his guilty plea.  If the Court announces that it will NOT be bound by the proposed plea agreement, the parties agree that at

4

that time either party may withdraw the proposed plea agreement, and if either does so, then all parties will be restored to the positions they were in prior to the entry of the defendant's plea. If neither party elects to withdraw the proposed plea agreement at the time the Court announces that it will not be bound, and before the Court proceeds with sentencing, then the parties shall be bound by all the terms of the proposed plea agreement and the defendant will not be permitted to withdraw his guilty plea.

9. **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100 per count of conviction will be entered against him at the time of sentencing. The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing. The defendant has the burden of establishing an inability to pay the required special assessment. The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

10. **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of probation or supervised release. The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed in accordance with the sentence recommended by the parties under Rule 11(c)(1)(C). The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack,

5

including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b).  In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court imposes a sentence in excess of the sentence recommended by the parties under Rule 11(c)(1)(C).  However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a).  Notwithstanding the foregoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

11.     **FOIA and Privacy Act Waiver.**  The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552.  The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

12.     **Waiver of Claim for Attorney's Fees.**  The defendant waives all claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

13.     **Full Disclosure by United States.**  The defendant understands the United States will provide to the and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case.  This may include information concerning his background, character, and conduct, including the entirety of his criminal activities.  The

defendant understands these disclosures are not limited to the count to which he is pleading guilty.  The United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement.  The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

14.     **Deportation Consequences.**  Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which he is pleading guilty.  Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the Court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty, regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

15.     **Parties to the Agreement.**  The defendant understands this plea agreement binds only him and the Acting United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

16.     **No Other Agreements.**  The defendant has had sufficient time to discuss this case, the evidence, and this plea agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided.  Further, the defendant acknowledges that he has read the plea agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion.  The defendant further understands that this plea agreement

7

supersedes any and all other agreements or negotiations between the parties, and that this plea agreement embodies each and every term of the agreement between the parties.

17.   **Voluntary Agreement.**   The defendant acknowledges that he is entering into this plea agreement and is pleading guilty because he is guilty.   He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.

Date: 10-21-16

Scott C. Rask
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas  66101
(913) 551-6730
(913) 551-6541 (fax)
Scott.Rask@usdoj.gov
Kan. S. Ct. No. 15643

Date: 10-21-16

#15643
for Debra L. Barnett
Criminal Chief

Date: 10/24/16

Matthew R. Walczewski
Trial Attorney
National Security Division
600 E Street NW
Washington, D.C.  20530
(202) 233-0986
(202) 233-2147 (fax)
Matthew.Walczewski@usdoj.gov
IL Bar No. 6297873

Date: 10/24/2016

Brian J. Resler
Senior Trial Attorney
Computer Crimes & Intellectual Property Section
1301 New York Avenue, NW 6th Floor

8

Washington, D.C.  20005
(202) 616-3298
(202) 305-1744 (fax)
Brian.Resler2@usdoj.gov
WI Bar No. 1023837


_____          Date: _____
Wengui Yan
Defendant


_____          Date: _____
Michael D. Hepperly
310 West Central, Suite 119
Wichita, Kansas  67202
(316) 267-5330
(316) 267-6589 (fax)
mhepperly@aol.com
Kan. S. Ct. No. _____
Counsel for Defendant


_____          Date: 10/24 /2016
William R. Robb
Aleshire Robb, PC
2847 Ingram Mill, Suite A102
Springfield, Missouri  65804
(417) 869-3737
(417) 869-5678 (fax)
info@alshirerobb.com
Mo. S. Ct. No. 43322
Counsel for Defendant


9